**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-7694**
_____

DWAYNE E. SYDNOR,

                    Plaintiff - Appellant,

        v.

JOHN R. KUPLINSKI, Jail Administrator; KAVEH OFOGH, Doctor,

                    Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:07-cv-00697)

_____

Submitted:  February 21, 2008      Decided:  February 27, 2008

_____

Before MOTZ and GREGORY, Circuit Judges, and WILKINS, Senior
Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Dwayne E. Sydnor, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne E. Sydnor seeks to appeal the district court's order dismissing his civil rights complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 3, 2007. The notice of appeal was filed on November 4, 2007.[*] Because Sydnor failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We deny Sydnor's motion for seizure of medical records. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 2 -